UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM M. KUTIK<br><br>    Plaintiff,<br><br>v.<br><br>SHAREDXPERTISE MEDIA, LLC,<br><br>    Defendant. | Civil Action No. 3:11-CV-00605-JBA<br><br>**DECLARATION OF REBECCA MCKENNA IN SUPPORT OF MOTION TO DISQUALIFY FOX ROTHSCHILD LLP** |

REBECCA MCKENNA does hereby depose and say:

1. I am employed by LRP Publications, Inc. ("LRP"), located at 360 Hiatt Drive, Palm Beach Gardens, FL 33418. I respectfully submit this declaration in support of the motion of Plaintiff William M. Kutik ("Mr. Kutik") to disqualify Fox Rothschild LLP ("Fox") from representing SharedXpertise Media, LLC ("SharedXpertise") in this case.

2. I submit this affidavit based upon my personal knowledge. If called as a witness, I could and would testify competently to the matters described herein.

3. LRP publishes Human Resource Executive magazine and hosts several conferences including its signature conference, HR Technology Conference and Exposition, which is the world's largest human resources conference focused on technology. I am responsible for all advertising sales for LRP's Human Resource Executive magazine and overseeing sales and collaborating on strategy of LRP's HR Technology Conference and Exposition.

4. Mr. Kutik is a consultant with LRP responsible for programming and serving as the Conference Co-Chair for the HR Technology Conference & Exposition, and has done so since the conference's inception in 1998. Mr. Kutik's role with LRP would make him a vice-president if he were employed by LRP rather than engaged as a consultant. As Conference Co-Chair, Mr. Kutik is the most identifiable person associated with LRP's HR Technology Conference & Exposition.

5. In 2008, Patricia O'Donnell sued LRP, asserting an EEOC claim of gender discrimination following her termination. That case, O'Donnell v. LRP Publications, Inc., Case No. 2:08-cv-01560-AB was filed on April 1, 2008 in the United States District Court, Eastern District of Pennsylvania. Ms. O'Donnell's claim involved allegations against me.

6. Steven Ludwig, Esq. from Fox Rothschild LLP represented LRP in that matter. I worked very closely with Mr. Ludwig for approximately two years. I worked with Mr. Ludwig on discovery. I determined which employees should meet with Fox lawyers and provide depositions. Several members of my staff were deposed in that matter. I was present for each deposition taken.

7. Mr. Ludwig had direct access to any information necessary to handle that matter, including access to many of LRP's employees, including members of my staff, many of whom handled "damage control" resulting from SharedXpertise's false press release. Mr. Ludwig also had access to confidential information, which no competitor would ever have access to. During the life of the employment discrimination matter, Mr. Ludwig gained direct knowledge of details of LRP's sales strategy, including how we attract customers and sell advertising, conference space, online advertising and

sponsorships; how my staff and I handle integrating our advertising sales with the HR Technology Conference & Exposition; how I interact with advertisers, exhibitors and sponsors; how I interact with my staff, how my staff interacts with advertisers, exhibitors and sponsors; information regarding specific rates charged for advertising; information regarding proposals for advertising solicitations; information regarding LRP's positioning in the marketplace; and information regarding how LRP differentiates itself from competitors' publications, websites and conferences.

8. Mr. Ludwig prepared me for deposition and trial in that case. He also defended my deposition, which lasted for an entire day. Mr. Ludwig and I often discussed strategy regarding our defense of that litigation because I was LRP's point person for the case. Mr. Ludwig and I frequently spoke about the case through in-person meetings, telephone conversations, and email conversations. Mr. Ludwig observed how I dealt with issues in the litigation, how I handled my deposition, how I reacted to the plaintiff, how I reacted to the lawyers, and how I dealt with the two-year litigation process.

9. The employment discrimination matter settled on May 5, 2010.

10. Regarding this case, SharedXpertise and LRP are direct competitors in the human resources industry. SharedXpertise publishes HRO Today magazine and hosts HRO Today Forum and HR Demo Show, which are all directly competitive with LRP's magazine and conferences. SharedXpertise's April 1, 2011 false press release directly involved LRP's magazine and signature conference, both of which fall under my responsibilities. SharedXpertise's false press release falsely claimed that SharedXpertise had acquired LRP's magazine and the HR Technology Conference and Exposition.

SharedXpertise's false press release also falsely claimed that Mr. Kutik would be retiring from the human resources business. My staff and I have handled significant consumer response because of SharedXpertise's false press release. We received numerous e-mail and telephone inquiries from customers because of the confusion caused by the false press release.

11. We also proactively made phone calls to our customers informing them that the claims made in the press release were false. SharedXpertise did not acquire LRP's magazine, the HR Technology Conference and Exposition, or any other parts of LRP's business.

Pursuant to 28 U.S.C. Sec. 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: March 14, 2012

REBECCA MCKENNA