UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM M. KUTIK<br><br>  Plaintiff,<br><br>v.<br><br>SHAREDXPERTISE MEDIA, LLC,<br><br>  Defendant. | Civil Action No. 3:11-CV-00605-JBA |

### DECLARATION OF WILLIAM M. KUTIK IN OPPOSITION TO DEFENDANT'S EMERGENCY MOTION FOR AN "ATTORNEYS' EYES ONLY" PROTECTIVE ORDER

WILLIAM M. KUTIK does hereby depose and say:

1. I am over 21 years of age and am competent to make this Declaration.

2. I am a consultant with LRP Publications, Inc. ("LRP"). I am the plaintiff in this case. I respectfully submit this Declaration in Opposition to Defendant's Emergency Motion for an "Attorneys' Eyes Only" Protective Order.

3. I submit this Declaration based upon my personal knowledge. If called as a witness, I could and would testify competently to the matters described herein.

4. I have spent the last 22 years working within the human resources technology industry. For the last 15 years, I have worked with LRP as a consultant responsible for programming and serving as the Conference Co-Chair for LRP's annual HR Technology Conference and Exposition ("LRP's Expo"), which is LRP's signature conference and the world's largest human resource conference focused on technology. A portion of my compensation from LRP is based on the gross revenue that LRP receives from vendors and attendees at LRP's Expo.

5. Through my lengthy career in the industry and as a consultant with LRP, I have specialized knowledge and expertise in the fields of human resources and human resources technology, and relationships with many human resources professionals who attend conferences and vendors who exhibit at those conferences. As such, it is essential for me to review discovery materials produced by Defendant SharedXpertise Media LLC ("Defendant") to evaluate and establish the extent to which Defendant's wrongful acts have resulted in damages to me, primarily from loss of revenue-generating vendors and attendees who did not participate in LRP's Expo in 2011. I, but not my counsel, have the ability to quickly scan the requested discovery materials to determine whether there are vendors and attendees on the lists whom I would have expected to attend LRP's Expo in 2011, but did not do so.

6. My specialized knowledge and expertise in the fields of human resources and human resources technology makes it critical for me to be involved in developing my litigation strategy with my counsel. I need to be involved in determining which vendors and attendees who received the false press release and participated in Defendant's conference and did not participate in LRP's Expo should be witnesses for deposition and trial purposes. I also need to be involved with reaching out to these potential witnesses so as not to disrupt my and LRP's sensitive relationships with current or prospective vendors and attendees of LRP's Expo.

7. There are a finite number of revenue-generating vendors in the human resources technology industry who would exhibit at industry conferences. As a result, competitors like Defendant and LRP have access to, and compete for the business of, many of the same vendors.

8.  With respect to human resources and human resources technology conferences produced by companies like Defendant and LRP, it is typical for producers to provide a list of conference attendees to conference sponsors and vendors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: March 27, 2012

_William M. Kutik_
WILLIAM M. KUTIK