UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM M. KUTIK, | CASE NO. 3:11-CV-00605 (JBA) |
| Plaintiff, | |
| vs. | |
| SHAREDXPERTISE MEDIA, LLC, | |
| Defendant. | APRIL 18, 2012 |

### JOINT MOTION TO STAY DEADLINES IN
### ORDER OF REFERRAL DATED JANUARY 31, 2012

Pursuant to L. R. Civ. P. 7(b), both parties respectfully move jointly for a stay of all deadlines in the January 31, 2012 "Order of Referral" in this case, for the reasons set forth herein.

Good cause exists for the motion because on March 15, 2012, William M. Kutik ("Kutik") filed a Motion to Disqualify Defendant's Counsel, based on Kutik's contention that Defendant's counsel, Fox Rothschild, has a conflict of interest.  Also on March 15, 2012, Kutik filed a Motion for a Protective Order that he need not produce documents until the Motion to Disqualify has been ruled on.  This motion has not yet been fully briefed.

In addition, on March 13, SharedXpertise Media, Inc. ("SharedXpertise") filed an Emergency Motion for Attorneys Eyes Only Protective Order, and Kutik opposed that

**ORAL ARGUMENT REQUESTED**

motion. Briefing on that motion has been completed and that motion has not yet been ruled on. In accordance with the Court's standing protective order, documents SharedXpertise contends merit "attorneys eyes only" treatment have been designated as such pending the Court's ruling on the motion.

Further, discovery in this case is closely related to discovery in a parallel action pending in the United States District Court for the Southern District of Florida, *LRP Publications, Inc. and J. Todd Lutz v. SharedXpertise Media, LLC*, Case No. 11-80395-CIV. The parties have endeavored to coordinate discovery in the Florida action and in this action to maximize efficiency (as was noted in the Parties' Joint Rule 26(f) Report).

Plaintiff will not agree to have depositions in this action taken, nor will it agree to produce sensitive documents, until the Motion to Disqualify is resolved. Additionally, plaintiff believes it would be wasteful for plaintiff's counsel to conduct depositions before the Motion for an Attorneys' Eyes Only Protective Order has been ruled on, because if that motion is denied Mr. Kutik will assist his counsel in the preparation for depositions based on his analysis of the documents produced.

The Florida parties have moved for suspension of all scheduling deadlines in the Florida action pending that court's determination of a pending Motion to Compel and a pending request for an Attorneys' Eyes Only Protective order.

In light of the pending motions in this case, the pending motions in the Florida action, and the parties' mutual desire to coordinate discovery in the two actions and not engage in duplicate depositions or document productions, the Parties move that all future deadlines in the "Order of Referral" be stayed until after the Court rules on the pending Motion to

Disqualify Defendant's Counsel and Emergency Motion for Protective Order and the Florida court rules on the outstanding Florida discovery issues.

Within seven days of the courts' rulings, counsel for both parties will confer in good faith to propose a revised scheduling order, and submit to the Court a joint motion for a revised scheduling order.

On April 16, 2012, counsel for both parties discussed the subject matter of this motion, and agreed to submit this motion as a joint request.

This is the first motion regarding all the deadlines that are the subject of this motion.

| THE DEFENDANT, | THE PLAINTIFF, |
|---|---|
| SHAREDXPERTISE MEDIA, LLC | WILLIAM M. KUTIK, |
| By: /s/ Eric C. Osterberg | By: /s/ Stewart I. Edelstein |
| Eric C. Osterberg | Stewart I. Edelstein |
| Federal Bar No. ct22679 | Federal Bar No. ct06021 |
| Osterberg LLC | Cohen and Wolf, P.C. |
| 1266 East Main Street | 1115 Broad Street |
| Suite 700R | Bridgeport, CT 06604 |
| Stamford, CT 06901 | (203) 368-0211 |
| 203-539-6135 | |

## CERTIFICATION OF SERVICE

I hereby certify that on April 18, 2012, a copy of the foregoing Motion for Extension of Time was filed electronically.

Notice of the foregoing filing and this Certification of Service will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to any parties who are unable to accept electronic filing.

Parties may access the foregoing filings and this Certification of Service through the Court's system.

                                                  /s/ Stewart I. Edelstein
                                                    Stewart I. Edelstein