IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------X
                                    :
WILLIAM M. KUTIK                :         3:11 CV 605 (JBA)
                                    :
V.                                      :
                                    :
SHAREDXPERTISE MEDIA, LLC   :         DATE: APRIL 25, 2012
                                    :
------------------------------------------------------X

<u>RULING ON DEFENDANT'S EMERGENCY MOTION FOR AN "ATTORNEYS' EYES ONLY"
PROTECTIVE ORDER</u>

On April 15, 2011, plaintiff commenced this lawsuit regarding a mock press release contained in an April Fool's Day e-mail sent by defendant, and also found on defendant's website, exactly two weeks earlier on April 1, 2011, which claimed that defendant had acquired LRP Publications, Inc., ["LRP"], for which plaintiff is a consultant; LRP and defendant are competitors in the human resources ["HR"] industry. (Dkt. #1). Plaintiff alleges unfair competition in violation of 15 U.S.C. § 1125(a)(Count I), violation of his right to privacy under Connecticut law (Count II), and violation of the Connecticut Unfair Trade Practices Act, CONN. GEN. STAT. § 42-110(a) et seq. (Count III). Two months later, on June 15, 2011, defendant filed its answer and affirmative defenses. (Dkt. #13).

On March 16, 2012, U.S. District Judge Janet Bond Arterton referred the file to this Magistrate Judge for discovery. (Dkt. #36). Presently pending is defendant's Emergency Motion for an "Attorneys' Eyes Only" Protective Order, filed March 13, 2012. (Dkt. #34).[1]

---

[1]Attached to defendant's brief is an affidavit from defense counsel, sworn to March 13, 2012 and an affidavit of Elliot Clark, defendant's Chief Executive Officer, sworn to March 9, 2012 ["Clark Aff't"].

Although described as an "emergency," time is no longer of the essence in light of the stay of discovery agreed to by counsel. (See Dkts. ##59, 64).

Three weeks later, on March 27, 2012, plaintiff filed his brief and affidavit in opposition. (Dkts. ##40-41).[2]  On April 5, 2012, defendant filed its reply brief.  (Dkt. #48[3]; see also Dkts. ##42-44).

For the reasons stated below, defendant's Emergency Motion for an "Attorneys' Eyes Only" Protective Order (Dkt. #34) is granted in part and denied in part.

## I.  DISCUSSION

On April 15, 2011, when this lawsuit was commenced, Judge Arterton filed her Standing Protective Order (Dkt. #4).  In this motion, defendant seeks an additional "attorneys' eyes only" protective order with respect to three interrogatories (Nos. 5, 6 and 12) and three requests for production (Nos. 4, 7, and 19) posed by plaintiff, in that plaintiff is the "chief architect" of HR Technology Conference & Exposition, put on by LRP, which is defendant's "main competitor."  (Dkt. #34, Brief at 1-4; Clark Aff't ¶¶ 3, 6-7).  According to defendant, good cause exists for an "attorney's eyes only" protective order because defendant's "customer and prospect information are valuable trade secrets" for which defendant "has taken (and continues to take) significant measure to guard . . . so that it will not be exposed to its competitors, or the public at large[,]" including being maintained at a service provider, with password protection and "several layers of security and encryption." (Dkt. #34, Brief at 4-9; Clark Aff't ¶¶ 8-10, 13-16).  Defendant further contends that it only

---

[2]The following exhibits are attached to plaintiff's brief (Dkt. #40): affidavit of plaintiff's counsel, sworn to March 27, 2012; copy of excerpts from defendant's website, "HRO Today Forum," www.hrotodayforum.com/index.php/sponsors/ (Exh. A); and copies of excerpts from defendant's website, "HRO Today," http://www.hrotoday.com/hro-today-resource-guide (Exhs. B-C).

Plaintiff's affidavit was sworn to on March 27, 2012 (Dkt. #41)["Plaintiff's Aff't"].

[3]Attached as Exh. 1 is a copy of plaintiff's Objections and Responses to Defendant's First Request for Production of Documents and Things, dated March 19, 2012.  Also attached is an affidavit from defense counsel, sworn to April 5, 2012.

displays the names of its sponsors on its HRO Today Forum website and at its conferences, provides attendances with a copy of an attendance list for that particular conference only, and only by name.  (Dkt. #34, Brief at 7; Clark Aff't ¶¶ 11-12).

In his brief in opposition, plaintiff alleges that defendant's false press release was e-mailed to more than 33,000 recipients and also advertised defendant's competing conference scheduled for May 2011; plaintiff asserts that his discovery requests are "narrowly tailored to the central question" in this litigation, so that plaintiff can ascertain whether, and to what extent, potential vendors and attendances signed up for defendant's conference in May 2011 instead of LRP's Expo in October 2011.  (Dkt. #40, at 1-2).  Plaintiff disputes that the requested discovery constitutes confidential trade secrets, particularly when "[d]efendant's own website, company practices and industry practices belie [defendant's] claim that [it] closely guards its lists of customer information[,]" when defendant "prominently displays the names of its sponsors and providers on its website[,]" "also allows any member of the public to access and contact a whole host of human resources providers on its website[,]" and hands out lists of attendees at conferences. (Id. at 5-8 (internal citations & footnotes omitted) & Exhs. A-C; Plaintiff's Aff't ¶ 8).  Plaintiff further contends that an "attorneys' eyes only" protective order "would unduly impair" plaintiff's ability to establish damages, in that given his twenty-two years in the industry, his analysis would be more effective than that of his counsel and he would be less disruptive in "reaching out to . . . potential witnesses." (Dkt. #40, at 2-5; Plaintiff's Aff't ¶¶ 4-6).

In its reply brief, defendant asserts that neither party has identified a single person or entity that was confused by the April Fool's Day press release and e-mail, that plaintiff can identify the customers "he expected would attend but did not, and then his attorneys can see

if those people received the e[-]mails and attended [defendant's] conference," and that plaintiff's counsel can be equally "sensitive" when "approaching any potential witnesses." (Dkt. #48, at 1-3). Defendant further argues that if the information he claims is "publicly available" and "widely disseminated throughout the industry," then plaintiff would have no need for the discovery he is seeking. (Id. at 3-4). Defendant adds that recent filings heighten its concern, in light of plaintiff's characterization of himself as being akin to a vice-president of LRP. (Id. at 4-5).

As the late U.S. District Judge M. Joseph Blumenfeld held forty-two years ago: "The plaintiff's customer lists do not qualify as trade secrets. Many of the clients were openly listed in plaintiff's advertising brochures as 'representative clients.'" Republic Sys. & Programming, Inc. v. Computer Assistance, Inc., 322 F. Supp. 619, 628 (D. Conn. 1970), aff'd per curiam, 440 F.2d 996 (2d Cir. 1971). Similarly, the Connecticut Supreme Court held twenty-four years ago, "There is no trade secret . . . if the customers' names can readily be ascertained through ordinary business channels or reference resources." Robert S. Weiss & Assocs. v. Wiederlight, 208 Conn. 525, 538 (1988)(citation omitted). Among the various factors to be considered is "the extent to which the information is known outside the business." Id. (citations omitted).

As plaintiff appropriately points out, defendant maintains websites that "prominently display[] the names of its sponsors and providers." (Dkt. #40, at 7 & Exhs. A-C). According to defendant, sponsors are "irrelevant" to the issues in this case, in that plaintiff's compensation was not tied to sponsorships. (Dkt. #48, at 4). However, it is also not unlikely that sponsors would be recipients of the April Fool's e-mail, customers of defendant, or registrants at its conferences. Of particular concern is the HRO Today Resource Guide,

which promotes that it "has almost 1,500 listings, representing more than 1,000 companies in different HRO categories[,]" with what appears to be a typical website pull-down menu on the left and a typical search box on the right. (Dkt. #40, Exh. C, at 3). The detailed information about these 1,000 to 1,500 listings, which includes "company name, url, contact, description, services provided, company size, geographic footprint, ideal client size and industries of specialty[,]" can hardly constitute "commercially sensitive trade secret" since the information is available to anyone with internet access. Therefore, no additional layer of "attorneys' eyes only" protection is required for any customer, registrant, or e-mail recipient for which information is readily available on defendant's websites. However, the extra protection for "attorneys' eyes only" is necessary for those customers, registrants, or e-mail recipients who have not been openly identified through resort to defendant's websites.

## II.  CONCLUSION

Accordingly, for the reasons stated above, defendant's Motion for an "Attorneys' Eyes Only" Protective Order (Dkt. #34) is <u>denied with respect to any customer, registrant, or e-mail recipient for which information is readily available on defendant's websites, but is granted with respect to any customer, registrant, or e-mail recipient not openly identified through resort to defendant's websites.</u>

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District

of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** <u>Caidor v. Onondaga County</u>, 517 F.3d 601, 603-05 (2d Cir. 2008)**(failure to file timely objection to Magistrate Judge's discovery ruling <u>will</u> preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 25th day of April, 2012.

     /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge