UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM M. KUTIK, | : |
| Plaintiff, | : Civil Action No. 3:11-CV-00605-JBA |
| v. | : |
| SHAREDXPERTISE MEDIA, LLC, | : |
| Defendant. | : |

**PLAINTIFF WILLIAM M. KUTIK'S OPPOSITION TO SHAREDXPERTISE MEDIA, LLC'S MOTION FOR LEAVE TO FILE SUR-REPLY MEMORANDUM IN OPPOSITION TO WILLIAM M. KUTIK'S MOTION TO DISQUALIFY**

          COHEN AND WOLF, P.C.
          1115 Broad Street
          P.O. Box 1821
          Bridgeport, CT 06601
          Telephone: (203) 337-4144
          Facsimile: (203) 394-9901

*Of Counsel:*

PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

Plaintiff's Motion to Disqualify Defendant's Counsel ("Plaintiff's Motion") has been fully briefed and can now be decided by the Court. *See* Dkt. # 35 (Pl. Br.); Dkt. # 52 (Def. Opp. Br.); Dkt. # 66 (Pl. Reply Br.). Defendant's motion for leave to file a sur-reply should be denied.

Contrary to Defendant's motion, Mr. Kutik raised no new arguments or legal theories in his reply papers, and there is no ground for the submission of sur-reply papers. All the cases cited in the reply brief were also cited in Mr. Kutik's opening brief. All the facts on which the motion is based were contained in the affidavits submitted with Mr. Kutik's opening papers. No new affidavits or other factual material were submitted with Mr. Kutik's reply. There was nothing whatsoever in Mr. Kutik's reply that justifies Defendant's effort to submit a sur-reply, which merely rehashes what Defendant already has said in its opposing papers. Defendant's motion for leave to file a sur-reply is an improper attempt to "get the last word," contrary to the Chamber Practices of Judge Arterton (to whom the motion was submitted), which provide that "Judge Arterton does not usually allow sur-reply briefs." There is no reason to depart from Judge Arterton's Chamber Practices here.

Plaintiff's motion to disqualify relied primarily on Connecticut Rule of Professional Conduct 1.9 and the line of cases exemplified by *Colorpix Sys. of Am. v. Broan Mfg. Co.* 131 F. Supp. 2d 331 (D. Conn. 2001) and the other cases cited in Mr. Kutik's initial moving papers. These cases involved the "vicarious client" doctrine which is used regularly by courts to analyze motions to disqualify based on alleged conflicts of interests. *Colorpix* held disqualification is warranted under the "vicarious client" doctrine when "the current litigation will have a financial impact on the former

1

'traditional' client," even though the former client itself is not a party to the litigation in which disqualification is sought. *Id*. at 336. Those are exactly the circumstances here.

Contrary to Defendant's argument on its motion for leave to file a sur-reply, there is nothing "new" or "novel" about either the vicarious client doctrine or Mr. Kutik's arguments regarding the application of that doctrine. Mr. Kutik's moving papers fully briefed the pertinent case law concerning the vicarious client doctrine. The moving papers likewise demonstrated at some length that Fox Rothschild's representation of the Defendant is directly adverse to the interests of former client LRP Publications, Inc ("LRP"), which has a unity of interest with Mr. Kutik, and that disqualification is therefore required. Indeed, Point III of Mr. Kutik's moving memorandum is entitled "Fox's Representation of SharedXpertise is Directly Adverse to LRP's Interests." Defendant plainly is incorrect when it suggests that this argument was raised for the first time only in Mr. Kutik's reply papers. (Def. Motion for Leave to File Sur-Reply at 1).

Defendant is equally incorrect in arguing that a sur-reply is supposedly necessary to correct alleged misstatements concerning its receipt of confidential information from its former client, LRP. Mr. Kutik's moving papers contained an affidavit from an LRP employee, Rebecca McKenna, reciting in detail the confidential, privileged information provided to Fox Rothschild in the course of its prior representation of LRP. Fox Rothschild, in its opposition papers, included the affidavit of Steven Ludwig, the Fox Rothschild partner involved in its representation of LRP. ***But Mr. Ludwig does not deny, or even address, Ms. McKenna's sworn statement regarding the confidential information that was provided to Fox Rothschild***. The Court can read these two affidavits for itself, and draw its own conclusions as to the factual record. The Court

2

certainly does not need an additional sur-reply that simply contains argument characterizing (or, more precisely, mischaracterizing) the affidavits previously submitted.

There also is no merit to Defendant's claim that Mr. Kutik's reply supposedly contained "admissions" that need to be brought to the Court's attention in a sur-reply. Defendant made exactly the same erroneous argument in its opposition papers, where Defendant incorrectly claimed that disqualification should be denied based on Mr. Kutik's supposed admission that the prior litigation was not identical to the current litigation. (Def. Opp. Mem. p. 2, 11-12). But, as shown in Mr. Kutik's reply memorandum, Defendant's argument misstates the test for disqualification. "[A]n earlier consultation [is] sufficiently related to a later case to warrant disqualification [if] the information the client disclosed in that earlier consultation is useful in the later case [and] [i]nformation can be useful *even if the two matters are not identical*." *Colorpix*, 131 F. Supp. 2d at 338. Defendant was wrong about Mr. Kutik's supposed admissions the first time around, and the Court should reject Defendant's attempt to make this same erroneous argument once again in a sur-reply.[1]

Accordingly, Mr. Kutik respectfully requests that Defendant's motion for leave to file a sur-reply memorandum be denied.

---

[1] There is also no basis for Defendant's argument that Mr. Kutik supposedly lacks standing to move for disqualification. (Sur-reply fn. 1)  The authorities cited in Defendant's purported sur-reply make clear that a party will have standing to make a disqualification motion where, as here, the moving party is "in privity" with the law firm's former client, *Lyddy v. Bridgeport Bd. of Directors*, 2007 WL 2697452 at *8 (D. Conn. 2007), or where "concern about the fairness of the processes of tribunals" requires the court to consider a conflict issue.  RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 6.  In the latter circumstances, it may even be necessary for the court to consider the conflict issue on its own motion.  *Id*. Mr. Kutik also has standing to move for disqualification under the vicarious client doctrine, as discussed above.

3

Dated: May 7, 2012                                    Respectfully Submitted:

                                                                                      COHEN AND WOLF, P.C.

                                                                                      /s/ Stewart I. Edelstein
                                                                                 Stewart I. Edelstein (ct06021)
                                                                                 sedelstein@cohenandwolf.com
                                                                                 1115 Broad Street
                                                                                 P.O. Box 1821
                                                                                 Bridgeport, CT 06601
                                                                                 Telephone: (203) 337-4144
                                                                                 Facsimile: (203) 394-9901

                                                                                *Attorneys for Plaintiff William M. Kutik*

*Of Counsel:*

PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

## **CERTIFICATION OF SERVICE**

I hereby certify that on May 7, 2012, a copy of the foregoing Opposition to Sharedxpertise Media, LLC's Motion for Leave to File Sur-Reply Memorandum in Opposition to William M. Kutik's Motion to Disqualify was filed electronically.

Notice of the foregoing filing and this Certification of Service will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to any parties who are unable to accept electronic filing.

Parties may access the foregoing filings and this Certification of Service through the Court's system.

                                      /s/ Stewart I. Edelstein
                             Stewart I. Edelstein (ct06021)
                             sedelstein@cohenandwolf.com
                             1115 Broad Street
                             P.O. Box 1821
                             Bridgeport, CT 06601
                             Telephone: (203) 337-4144
                             Facsimile: (203) 394-9901

                             *Attorneys for Plaintiff William M. Kutik*

*Of Counsel:*

PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

5