UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM M. KUTIK<br><br>        Plaintiff,<br><br>    v.<br><br>SHAREDXPERTISE MEDIA, LLC,<br><br>        Defendant. | Case No. 3:11-cv-00605-JBA<br><br><br><br>May 22, 2012 |

**SHAREDXPERTISE'S RESPONSE TO KUTIK'S OBJECTIONS TO MAGISTRATE JUDGE MARGOLIS' RULING ON MOTION FOR ATTORNEYS' EYES ONLY PROTECTIVE ORDER**

Defendant SharedXpertise Media, LLC ("SharedXpertise") respectfully submits this response to Plaintiff William Kutik's objections to Magistrate Judge Margolis' ruling on SharedXpertise's emergency motion for an attorneys' eyes only protective order (Dkt. # 76).

**I.      INTRODUCTION**

Magistrate Judge Margolis was right to permit SharedXpertise to designate its non-public customer and prospect information "attorneys' eyes only" so that it will be reviewed only by Kutik's counsel and/or expert, and not by Kutik himself.  The parties in these cases are fierce business rivals.  It is critical that they be able to continue keeping their confidential business information secret from the other.  Kutik will not be prejudiced by the attorneys' eyes only restriction, because Kutik's counsel and/or experts can make the comparisons Kutik wants to make between his customers and prospects and SharedXpertise's.

Judge Margolis' decision is consistent with the court's decision in the companion case pending in Florida between SharedXpertise and Kutik's partner, LRP Publications.  We know that Kutik was aware of the Florida decision because LRP's counsel also represents him, but he

did not mention it in his objections.   After hearing nearly identical arguments from LRP, Magistrate Judge Hopkins reached the same conclusion as Magistrate Judge Margolis, that attorneys' eyes' only protection is appropriate.   It is no accident that plaintiffs in both cases sought access to SharedXpertise's most confidential business information for those who could do the most damage if they obtained it, Kutik in Connecticut and LRP's CEO Kenneth Khan in Florida.   Neither Kutik nor LRP has identified even a penny in damages resulting from the April Fool's joke.   This case for them is about gaining access to their rival's customers and prospects.

Magistrate Judge Margolis in this case and Magistrate Judge Hopkins in the Florida case both made the right decision to permit attorneys' eyes only protection.   Their decisions are neither contrary to law nor clearly erroneous; they are clearly correct.   The magistrates' rulings fit squarely within the norm of the attorneys' eyes only protection federal courts typically grant in cases between competitors.   If this Court were to allow parties to challenge successfully reasonable discovery decisions such as this, the entire purpose of referring discovery matters to Magistrate Judge Margolis would be defeated.

## II.   PERTINENT FACTS

Plaintiff William M. Kutik ("Kutik") is the chief architect of the HR Technology Conference & Exposition, a conference put on by SharedXpertise's main competitor, LRP Publications, Inc. ("LRP").   Kutik and LRP's HR Technology Conference & Exposition is the principal competition to SharedXpertise's HR Today Forum and the HR Demo Show.   (Compl. ¶¶ 6-8.)   Kutik's declaration in support of his motion to disqualify the Fox Rothschild firm recites:   "LRP conducts its business of programming the HR Technology Conference and Exposition through me as the Conference Co-Chair.   My role is similar to that of a vice-president if I were an employee of LRP rather than a consultant."   (Kutik Decl., Dkt. # 35-3 ¶ 4.)

This case is one of two filed in reaction to an April Fool's Day joke press release

SharedXpertise issued April 1, 2011.  LRP filed a similar case in the Southern District of Florida, alleging claims similar to those asserted by Kutik in this case.[1]  The parties agreed to coordinate discovery in this case with discovery in the Florida case.  (Rule 26(f) Report of Parties Planning Meeting, Dkt. # 23 at 9.)

The April Fool's joke press release at issue was posted on SharedXpertise's Website, disseminated via email to SharedXpertise's email distribution list, and "tweeted" and posted on Elliot Clark's LinkedIn page list, midday on April 1, 2011.  (Clark Decl., Dkt. # 34-3 ¶ 4.)  A few hours later, SharedXpertise announced on SharedXpertise's Website, in an email sent to SharedXpertise's email distribution list and on Elliot Clark's Twitter and LinkedIn pages that the Press Release was a joke.  (*Id.*)  The entire Press Release was removed from SharedXpertise's Website on April 8. 2011, just one week after it was posted.  (*Id.* ¶ 5.)  Kutik and LRP have admitted that neither Kutik nor LRP to date has identified *any* lost customers or other damage suffered as a result of the April Fool's joke.

In their respective cases, Kutik and LRP both sought disclosure of the email list SharedXpertise used to disseminate the April Fool's mock press release, and the identities of new customers gained by SharedXpertise after April Fool's Day 2011.  The email list is comprised of a combination of SharedXpertise customers and prospective customers.  In both cases, SharedXpertise resisted disclosure of such sensitive customer and prospect information to its competitors, and sought attorneys' eyes' only protection for the information.

Magistrate Judge Margolis granted SharedXpertise attorneys' eyes only protection for non-public information concerning the identities of persons on SharedXpertise's email list, and "new" SharedXpertise customers.  (Dkt. #65.)  Magistrate Margolis' order reveals that she

---

[1] A copy of the Complaint in LRP Publications v. SharedXpertise Media LLC, Case No. 9:11-cv-80395 (S.D. Fla.) is attached to the June 15, 2011 Declaration of Elliot Clark (Dkt. # 16).

reviewed all of the parties' submissions, including the declarations of SharedXpertise's Elliot Clark, and those of Kutik and his counsel.  (*Id.*)

As proven by Elliot Clark's declaration, and as a matter of common sense, SharedXpertise's customer and prospect information is highly valuable, not public, assembled through significant effort and expense, and not the type of information one would ever disclose to its fiercest rivals.  (Clark Decl., Dkt. # 34-3 ¶¶ 8-15.)  Clark's declaration established the following.

- SharedXpertise has expended (and continues to expend) a significant amount of time, effort and money in developing its customer and prospect lists.  (*Id.* ¶ 8.)  The lists are not merely compiled from other lists or from public resources: they are developed through a variety of time and resource-intensive methods, including through the development of survey questions and the analysis of survey responses, the calculation of advertisement values based on customer "impressions" and forecasting based on marketing data collected from attendees of SharedXpertise events and subscribers of SharedXpertise publications.  (*Id.*)

- SharedXpertise maintains its lists under considerable security using technology, policy and business practice.  (*Id.* ¶ 9.)  The lists are kept in software at a service provider known as Salesforce.com, which has several layers of security and encryption.  The data is password protected and only the marketing resources manipulating the lists and CEO have access to the lists.  (*Id.*)  Security settings are installed to prevent sales executives from downloading more than a small number of contacts from any list on one day and any large request triggers an alert to the Director of Marketing.  (*Id.*)  Backup copies of the list are maintained on secured databases within the company behind encrypted firewalls and software and hardware security barriers, and the passwords to these servers are known only to the IT department.  (*Id.* ¶ 10.)

- SharedXpertise only displays the names of its sponsors on its HRO Today Forum Website, not specific contact information.  (*Id.* ¶ 11.)

- At its conferences, SharedXpertise provides attendees with a copy of an attendance list for that particular conference only.  (*Id.* ¶ 12.)  The attendance list contains the names of attendees *only*, and no other identifying information.  (*Id.*)  Attendees' addresses and other contact information are *not* disseminated and are *not* accessible to anyone outside of SharedXpertise.  (*Id.*)

- SharedXpertise's customer lists are its principal assets and worth millions of dollars, far more than what SharedXpertise's equipment and even its intellectual property is worth.  (*Id.* ¶ 15.)  SharedXpertise's customer lists drive its marketing efforts and, ultimately, its overall profitability.  (*Id.*)

Kutik offered no evidence to rebut the Clark declaration, except a declaration from his

counsel evidencing that SharedXpertise maintains an online database containing information about certain businesses in the Human Resources industry.  (Dkt. # 40-1.)

Judge Margolis ruled that information available on the SharedXpertise Website may not be produced on an attorneys' eyes only basis because it is public.  (Dkt. # 76 at 5.)[2]  Non-public customer and prospect information, however, she ruled could be designated attorneys' eyes only. (Dkt. #76 at 5.)

Kutik argued in opposition to the motion, as he does again his objections and as LRP argued in Florida, that even non-public information concerning customers and prospects should not receive only attorneys' eyes only treatment.  The reason, he contends, is because Kutik himself (and LRP's principal Kenneth Khan in Florida) personally needs to review the lists. Kutik has never offered a satisfactory explanation why that is.  He offers only the dubious argument that "…only Mr. Kutik can match up the names on Defendant's distribution list with his own attendees who failed to return as a result of receiving the false press release." (Kutik Objs., Dkt # 76 at 8 (page 9 of 12).)

Soon after Magistrate Judge Margolis issued her decision, the Florida court (Hopkins, U.S.M.J.) reached the same result, restricting disclosure of non-public customer and prospect information to attorneys' eyes' only.  (Osterberg Decl. Ex. 1 at 11.)  Magistrate Hopkins explained the obvious.  "As Defendant suggests, LRP can provide a list of its customers to its attorneys to see if there is overlap between the persons who received the Press Release and LRP's large revenue generating customers to evaluate what damages Plaintiffs can prove. Alternatively, a neutral third party may perform this task."  (*Id*.)  LRP has filed objections to Magistrate Hopkins' ruling.

---

[2] SharedXpertise did not dispute that information disclosed on its Website should not be designated attorneys' eyes only, but argued that the Website information was not relevant because it did not relate to customers or prospects that could have been sources of revenue for Kutik.  (SharedXpertise Reply Mem., Dkt. #48 at 4.)

### III.   THE HEAVY BURDEN KUTIK MUST SATISFY TO PREVAIL ON HIS OBJECTIONS

As Kutik correctly acknowledges, he bears a tremendously high burden to win reversal of Magistrate Judge Margolis' decision.  To prevail on his objections, Kutik must show that Magistrate Judge Margolis's decision was either *clearly erroneous*, or *contrary to law*.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule for U.S. Magistrate Judges 72.2. (emphasis added).

"Under this deferential standard of review, magistrate judges are considered to have broad discretion over discovery matters, and a party seeking to overturn a magistrate judge's discovery ruling bears a heavy burden…Reversal based upon an improper order denying or curtailing discovery is unusual." *Hudson v. Gen. Dynamics Corp.*, 186 F.R.D. 271, 273 (D. Conn. 1999, Arterton, J.).  "Ordinarily, under the clearly erroneous standard, if there are two permissible views, the reviewing court should not overturn the magistrate judge's decision solely because it would have chosen the other view."  14 *Moore's Federal Practice – Civil* § 72.2 (3d ed. 2012).

Such deference is particularly appropriate with respect to decisions, such as this one, which are inherently discretionary.  "A court is given broad discretion regarding whether to issue a protective order."  *Wells Fargo Bank, N.A. v. Konover*, 2009 WL 585434, at *4 (D. Conn. Mar. 4, 2009, citing *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992)).  This Court, having assigned Magistrate Judge Margolis to exercise that discretion, should not now substitute its discretion for hers.

Because Magistrate Judge Margolis' decision was so obviously neither clearly erroneous nor contrary to law, Kutik seeks to distract from the issue by wrongly attacking the extent of her explanation.  Each of Kutik's objections is a complaint not that Magistrate Judge Margolis got it

wrong, but that she failed to adequately explain her decision.

Inadequate explanation, however, does not justify reversal.  The very authorities Kutik cites (Obj. at p. 6 of 12) make clear that <u>at most</u> *where a magistrate's decision offers no reasoned basis <u>and</u> merely adopts the entirety of one party's position*, the district court may give more scrutiny than it normally would afford.  Even if deficiencies in a magistrate's order include both inadequate explanation and adoption of one party's position whole-cloth, that does not make the decision clearly erroneous or contrary to law, and does not justify reversal.  *See Southern Pac Comm'n Co. v. Amer. Tel. & Tel. Co.*, 740 F.2d 980, 984 (D.C. Cir. 1984)(judgment affirmed even though trial judge copied word-for-word one party's proposed findings of fact and conclusions of law and virtually every assessment of the credibility of witnesses, finding of fact and conclusion of law was in that party's favor); *Holland v. Island Creek Corp.*, 885 F. Supp. 4 (D.D.C. 1995)(magistrate judge's rulings upheld despite the fact that magistrate adopted one party's position entirely and did not recite reasons).[3]

Magistrate Judge Margolis' order does not suffer from those deficiencies.  She did not adopt SharedXpertise's arguments in their entirety, and she explained why she did not.  She adopted Kutik's argument that any material disclosed on the Website potentially could be relevant, and should not be restricted to attorneys' eyes only.

## IV.   MAGISTRATE JUDGE MARGOLIS IS CORRECT THAT KUTIK DOES NOT NEED PERSONAL ACCESS TO SHAREDXPERTISE'S CONFIDENTIAL CUSTOMER AND PROSPECT INFORMATION

In opposition to the motion, Kutik sought to explain his need for personal access to SharedXpertise's lists of prospect and customer information as follows:  "Mr. Kutik needs to

---

[3] The third case Kutik cites for the proposition that the Court should reverse Magistrate Judge Margolis based on the alleged inadequacy of her explanation, *Harriscomb Svenska AB v. Harris Corp.*, 947 F.2d 627 (2d Cir. 1991) does not stand for that proposition either.  In that case, the Second Circuit explained that a district judge should make clear her reasons for entering partial final judgment under Rule 54(b).

review the requested discovery materials to determine whether there are vendors and attendees on the lists whom he would have expected to attend LRP's Expo in 2011, but did not do so." (Kutik Opp. Mem., Dkt # 40 at p. 4 of 11 (page 3 of the memorandum).)  He phrases his purported need slightly differently in his objections, asserting:  "As co-chair during that time, only Mr. Kutik can match up the names on Defendant's distribution list with his own attendees who failed to return as a result of receiving the false press release."  (Kutik Objs. Dkt. # 76 at p. 9 of 12 (page 8 of the memorandum).)

Two magistrate judges found Kutik's argument unpersuasive, for good and obvious reasons.  By simply reversing the process he describes, Kutik can help identify worthwhile discovery targets without personally accessing SharedXpertise's lists.  Instead of Kutik studying SharedXpertise's customer and prospect lists and then telling his attorneys which of those he had expected would attend his conference but did not, Kutik can first tell his attorneys who he expected would attend but did not, and then his attorneys can review SharedXpertise's lists and see if those people received the April Fool's emails and attended the SharedXpertise conference.[4] That is what Magistrate Judge Hopkins suggested LRP should do in Florida. (Osterberg Decl. Ex. 1 at 11.)

## V.   SHAREDXPERTISE'S CUSTOMER AND PROSPECT INFORMATION DESERVES ATTORNEYS' EYES ONLY PROTECTION FROM SHAREDXPERTISE'S COMPETITORS

The discovery Kutik seeks, by his own admission, is designed to reveal the identities of and contact information for:  all those on SharedXpertise's email list, *i.e.*, SharedXpertise's customers and prospects; new SharedXpertise customers; and those customers who registered for the SharedXpertise conference that competes with Kutik's.  (Kutik Opp. Mem., Dkt. #40 at 1-2.)

---

[4] Even if Kutik's counsel were to find a match, that would not prove damage.  Kutik would still need to prove causation: that the person attended SharedXpertise's conference and did not attend Kutik's because of the April Fool's joke.

The Elliot Clark declaration explains the significant time, effort and energy SharedXpertise has invested over years to develop its list of customers and prospects, the lengths to which SharedXpertise goes to guard their identities, and the value of the secrecy of that data to SharedXpertise.  (Clark Decl., Dkt. # 34-3 ¶¶ 8-15.)

The Clark declaration shows that the injury SharedXpertise would suffer if it were compelled to disclose its valuable customer and prospect information to its competitor is grave. (Clark Decl., Dkt. # 34-3 ¶¶ 15-16.)  Such information is critical to SharedXpertise's ability to compete against its larger rival LRP, as it is for many businesses.  That is why courts have long held that a list of persons "whose trade and patronage has been secured by years of business effort and advertising and expenditure of time and money" constitutes an important business asset and merits the protection accorded trade secrets.  *Republic Systems and Programming, Inc. v. Computer Assistance, Inc.*, 322 F. Supp. 619, 627-28 (D. Conn. 1970).  That such information should be disclosed to a competitor only subject to the highest security is beyond debate.  *See In re City of New York*, 607 F.3d 923, 935-36 (2d Cir. 2010).  The need to protect hard-earned business secrets from a competitor is the reason this Court in *Uniroyal Chemical Co. Inc. v. Syngenta Crop Protection*, 224 F.R.D. 53 (D. Conn. July 21, 2004) *granted* the application for attorneys' eyes only protection.

Kutik contradicts himself when he argues that he desperately needs to review SharedXpertise's lists, but at the same time complains that Magistrate Judge Margolis did not find that the information is not freely available.  The Clark declaration shows that the information is not freely available.  Kutik offered nothing to contradict that.  Moreover, the information Kutik seeks obviously is not freely available because if it were, Kutik would not need the discovery at all.  He could simply review the public sources.

9

Kutik's argument that the identities and contact information of SharedXpertise's prospects and customers are not confidential is further belied by Kutik's own discovery responses.  In response to requests for information concerning prospects and customers for Kutik's conference (so that SharedXpertise can make the same analysis Kutik seeks to make), Kutik objected on the ground that such information is confidential. (Dkt. #48-2, Osterberg Reply Decl. Ex. 1, Responses to Requests 3 and 4.)  Kutik should not be heard to argue that his customer and prospect information is confidential, but his competitor's is not.

Magistrate Judge Margolis addressed the issue of public availability.  The only evidence Kutik offered that information is freely available was that certain information appears on SharedXpertise's Website, a fact not disputed by SharedXpertise.  Magistrate Judge Margolis considered that, and ruled that information disclosed on the Website could not be designated attorneys' eyes' only.

## VI.  THE STANDING ORDER'S PROTECTION IS INSUFFICIENT

In SharedXpertise's moving papers, SharedXpertise explained:  "[t] he release of information sought by Kutik in Document Request Numbers 4, 7 and 19 *to Kutik himself* would be unjustifiably dangerous.  If Kutik himself were to learn that information, it would be impossible for him to forget, and tempting for him to use and/or to pass on to LRP."

SharedXpertise should not be required to trust that the self-proclaimed equivalent of a vice president at LRP, who claims such a substantial role in LRP's competing conference and such an intimate relationship with LRP, will not in some way use or disclose SharedXpertise's confidential information to others at LRP.  The temptation and/or pressure to do so could become overwhelming, or misuse might occur inadvertently, through a slip of the tongue or similar accident.  As Mr. Clark explained in his declaration, the value of maintaining the secrecy of SharedXpertise's competitive information dwarfs any (still unidentified and wholly imaginary)

10

damage Kutik could claim as a result of the April Fool's joke.  (Clark Decl., Dkt. # 34-3 ¶ 16.)

Given that SharedXpertise and LRP are fierce competitors in the HR industry, Magistrate Judge Margolis' decision that disclosure of non-public customer and prospect information should on an "attorneys' eyes only" basis is eminently reasonable.  "The disclosure of information on an attorneys' eyes only basis is a routine feature of civil litigation involving trade secrets."  *In re City of New York*, 607 F.3d 923, 935-36 (2d Cir. 2010); *see also* Fed. R. Civ. P. 26(c)(1)(G*); see also Uniroyal Chemical Co. Inc. v. Syngenta Crop Protection*, 224 F.R.D. 53 (D. Conn. July 21, 2004) (restricting disclosure of documents containing trade secret information to outside counsel and outside experts only).  "Pricing and marketing information are widely held to be confidential business information that may be subject to a protective order."  *Uniroyal*, 224 F.R.D. at 57.  The purpose of attorneys' eyes only disclosure is to prevent a party from viewing the sensitive information while allowing the party's lawyers to litigate on the basis of that information.  *In re City of New York*, 607 F.3d at 935-36 (2d Cir. 2010).

Kutik obviously has searched hard to find cases similar with similar facts in which courts have allowed competitors access to trade secret information, without success.  In the *Goehler v. Wood* case, 162 F.R.D. 691, 687 (D. Utah 1995) the issue was not whether Deloitte's audit manuals should be subject to attorneys' eyes only protection.  It was whether they should be disclosed at all.  The court in that case acknowledged a litany of cases reaching a contrary result, but emphasized that in that case, as a matter of its discretion, it thought the manuals should be disclosed.  The court identified the existing confidentiality order as but one factor in its decision. *Struthers Scientific & Intn'l Corp. v. General Foods Corp.*, 45 F.R.D 375 (S.D. Texas 1968) is similarly inapposite.  In that case the parties did not raise, and the court did not address, whether attorneys' eyes only protection would be appropriate.  The court directed the parties to submit a

protective order with certain provisions, but did not even suggest that attorneys' only protection would not be permitted.

Magistrate Judge Margolis correctly recognized that it would be better to inconvenience Kutik by requiring that his counsel review SharedXpertise's customer and prospect information, than to irreparably damage SharedXpertise's competitive position by giving all of its customer and prospect information directly to its competitor.  As the court recognized in *Gaymar Indus. v. Cloud Nine, LLC*, No. 1:06-cv-62-TC, 2007 WL 582948 at *3 (D. Utah Feb. 20, 2007):

> Technical, customer and financial data must be protected from unnecessary disclosure.... Plaintiff claims that its principals need access to the technical and financial information because they have expertise in the field - but as is typical in cases between competitors and alleged infringers, retained experts who are obligated to maintain confidences will have to provide this assistance.

## VII.   CONCLUSION

For the foregoing reasons and those set forth previously in support of the motion, SharedXpertise respectfully requests that this Court overrule Kutik's objections to Magistrate Judge Margolis' ruling.

                                        Respectfully submitted,

                                        /s/ Eric C. Osterberg
                                        Eric C. Osterberg (ct22679)
                                        Osterberg LLC
                                        1266 East Main Street
                                        Suite 700R
                                        Stamford, CT  06901
                                        Tel: (203) 539-6135
                                        eosterberg@osterbergllc.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 22, 2012, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

<u>/s/ Eric C. Osterberg</u>
Eric C. Osterberg