UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM M. KUTIK<br><br>    Plaintiff,<br><br>v.<br><br>SHAREDXPERTISE MEDIA, LLC,<br><br>    Defendant. | Case No. 3:11-cv-00605-JBA<br><br><br>October 17, 2012 |

**SUR-REPLY MEMORANDUM OF LAW IN SUPPORT OF
OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY
DEFENDANT'S COUNSEL, FOX ROTHSCHILD, LLP**

Defendant SharedXpertise Media, LLC ("SharedXpertise") submits this sur-reply memorandum of law in opposition to plaintiff William M. Kutik's ("Kutik") motion to disqualify Fox Rothschild LLP.

**ARGUMENT**

**A.   Kutik's Admissions Require Denial of his Motion to Disqualify**

Kutik has now made two key admissions that are dispositive of his motion to disqualify Fox Rothschild LLP. In his initial motion, he conceded that "this matter is not identical or essentially the same as the employment discrimination matter…." See Kutik Br. at 15. In his reply brief, Kutik goes even further, admitting that the prior litigation involving non-party LRP Publications, Inc. ("LRP") involved "different legal issues and claims." See Kutik Reply 6 n.5. Through these admissions, Kutik concedes that the two lawsuits are not "substantially related" and, as a result, cannot meet his "heavy" burden of proof to require disqualification.

1

### B.    Kutik Has Failed to Show that He was Fox Rothschild's "Vicarious Client"

Kutik makes little effort to defend his novel "vicarious client" theory. He offers no case where a "consultant" has been treated as a vicarious client, and does not contend that the precious few "vicarious client" cases (most of which reject the "vicarious client" argument) have any factual similarity to this case. There is simply no case that supports his effort to set a precedent that would vastly, and inappropriately, expand the likelihood that a law firm might one day find a non-client to be deemed a client for disqualification purposes.

Instead, Kutik improperly tries to transform his expansive "vicarious client" theory into a way to assert the interests of LRP, claiming that Fox Rothschild's involvement in this case is "materially adverse" to LRP's interests and would "prejudice its former client," LRP. See Kutik Reply at 6. Kutik does not have standing to assert the purported rights of third party LRP.[1] And the "vicarious client" theory proffered by Kutik does not change that. Rather, the "vicarious client" theory, if established, merely permits Kutik to claim that he is a "former client" of Fox Rothschild's sufficient to invoke Rule 1.9. In the end, Kutik must show that the prior and current litigations are substantially related, thus prejudicing his interests.

Kutik regularly confuses the analysis by mixing together analysis of the threshold "vicarious client" issue with the application of the "substantial relationship" test. For example, Kutik asserts that "[c]ourts look to whether there is a 'unity of interest,' such that action against the vicarious client adversely affects the actual prior client, in which case disqualification is warranted. See Colorpix, 131 F. Supp. 2d at 337." That is wrong. Whether or not there is a "unity of interest" is a factor in deciding whether Kutik was a vicarious client. It does not

---

[1] "Because of the substantial costs associated with disqualification of a party's counsel and because disqualification is often misused by opposing parties as a procedural weapon and a technique of harassment, standing to seek disqualification is ordinarily limited to present or former clients who would be adversely affected by the continuing

answer the question of whether disqualification is warranted.[2]  And the <u>Colorpix</u> court was clear in drawing a distinction between the two issues.  It does not stand for the proposition asserted by Kutik.

### C. Kutik Has Failed to Meet his Heavy Burden of Showing that the Prior Litigation Involving LRP Is Substantially Related to this Litigation

Kutik cannot show that the former and current lawsuits are substantially related.  Putting aside his conclusive admissions explained above, Kutik does not dispute that the prior litigation involving LRP concerned different legal theories, different parts of LRP's business and different time periods, nor does he dispute that he played no role in that prior litigation.  <u>See</u> Defendant's Response at 4-5, 11-12.

Undeterred, Kutik keeps asserting, without any factual support, that Fox Rothschild actually received "confidential" information regarding "LRP's sales and business strategies for advertising, conference space, online advertising, sponsorships and other sources of revenue…."  <u>See</u> Kutik Reply at 6.  Contrary to Kutik's argument (Kutik Reply at 1), the receipt of such confidential information is disputed.  <u>See</u> Defendant's Response at 4-5, 13-15.  And Kutik provides no evidence that Fox Rothschild actually received such information.  Indeed, it makes no sense for Fox Rothschild to have received all of such information given that the prior litigation was an employment discrimination matter that involved very different issues from those at stake in the current litigation.  For Kutik to say that information provided to Fox Rothschild in the prior litigation "goes to the heart of the issues" in this case is baseless and absurd.

---

litigation, whether or not they are parties to the present litigation." <u>Lyddy v. Bridgeport Bd. of Directors</u>, 2007 WL 2697452 at *8 (D. Conn. 2007) (citing <u>Restatement (Third) of the Law Governing Lawyers</u> § 6).

[2] Kutik again misstates the law when he asserts that a showing that Fox Rothschild is adverse to its former client LRP "alone is sufficient to disqualify Fox under Rule 1.9(a)." <u>See</u> Kutik Reply at 7; <u>see also</u> <u>id.</u> at 8.  That is plainly wrong.  Rule 1.9(a) further requires, <u>inter alia</u>, that the prior and current matters be substantially related.

Kutik is wrong when he asserts that he need only show that information in the prior litigation is "relevant and useful" (Kutik Br. at 15) to the current litigation *even if the two matters are not identical or similar or substantially related*.  This is not the test adopted by this Court, and none of the cases Kutik cites says otherwise.[3]  At a minimum, Kutik must show that "there is a substantial risk that the subsequent representation will involve the use of confidential information of the former client…"  <u>Vincent v. Essent Healthcare of Conn.</u>, 465 F. Supp. 2d 142, 145 (D. Conn. 2006).  Here, given Kutik's admission that the two lawsuits involve different legal theories and claims and given that the two lawsuits involve different and distinct areas of LRP's business and different time periods and did not pertain to Kutik in any manner, there is no "substantial risk" that any information obtained in the prior litigation would be useful in this case.

Kutik's arguments boil down to his new assertion that Fox Rotschild is adverse to LRP in this case because, Kutik says, SharedXpertise will want to reduce Kutik's alleged financial harm by showing that his income from LRP as its consultant for LRP's conferences did not suffer a decline.  This does not make Fox Rothschild adverse to LRP.  The issue in this case is whether Kutik suffered financial harm, not whether LRP suffered any harm.  What is more, merely being "adverse" is not sufficient under Rule 1.9, contrary to Kutik's assertions.  Kutik must bear his heavy burden of proving that the two lawsuits are substantially related, which he has, through several critical admissions, conceded he cannot do.

---

[3] It appears that Kutik is conflating a different relevant factor for disqualification identified by this Court in <u>Colorpix Systems of Am. v. Broan Mfg. Co.</u>, 131 F. Supp. 2d 331, 336 (D. Conn. 2001), namely whether "the attorney whose disqualification is being sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client."  Whether or not there is "relevant" information from the prior matter does not establish that the two matters are substantially related.

**D.     The Balancing of Interests Favor Denial of Kutik's Motion to Disqualify**

Kutik makes no effort to address the "balancing of interests" that this Court must conduct. He does not dispute Fox Rothschild's longstanding relationship with its client, defendant SharedXpertise. Nor does he counter the notion that this motion is being brought -- roughly a year after the lawsuit was filed and Fox Rothschild's appearance entered -- solely for tactical purposes. Given the absence of any conflict, given that disqualification motions are disfavored, and given that Fox Rothschild has nonetheless implemented an ethical screen,[4] the balancing of interests comes down in favor of permitting defendant SharedXpertise to continue using its longstanding counsel of choice.

## CONCLUSION

Accordingly, SharedXpertise respectfully requests that this Court deny Kutik's motion seeking the disqualification of SharedXpertise's counsel, Fox Rothschild LLP.

Respectfully submitted,

Dated: October 17, 2012        */s/ Robert C. Clothier*
Robert C. Clothier (admitted *pro hac vice*)
Amit Shah (admitted *pro hac vice*)
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Tel: (215) 299-2000
Fax: (215) 299-2150
rclothier@foxrothschild.com
ashah@foxrothschild.com

---

[4] Kutik appears unsatisfied with the representations that Fox Rothschild has implemented an ethical screen. Should this Court require additional information, it will be provided promptly.

5

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by cooperation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing.  Parties may access this filing through the Court's CM/ECF System.

|  |  |
|---|---|
| Dated: October 17, 2012 | */s/ Amit Shah*<br>Amit Shah |